IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA  DIVISION


LORI A. STEPHENS                                                    PLAINTIFF

vs.                                Civil No. 4:09-cv-04027

MICHAEL J. ASTRUE                                                  DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Lori Stephens ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title  XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff filed her application for SSI on January 19, 2005.  (Tr. 38-40).  Plaintiff alleged she was disabled due to back pain, declining vision, migraine headaches and anxiety.  (Tr. 12).  Plaintiff alleged an onset date of October 1, 2004.  (Tr. 38).  This application was initially denied on April

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

1

14, 2006 and was denied again on reconsideration on December 8, 2006.  (Tr. 29-30, 34-35).

Plaintiff requested an administrative hearing on her application and a hearing was held on May 22, 2008, in Texarkana, Arkansas and Little Rock, Arkansas.  (Tr. 334-364).  Plaintiff was present and represented by Greg Giles, at this hearing.  *See id.*  Plaintiff and Vocational Expert ("VE") Mark Welch  testified at this hearing.  *See id.*  On the date of the hearing, Plaintiff was forty-six (46) years old, had a high school education and two years of college.  (Tr. 343).

On August 6, 2008, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI.  (Tr. 10-16).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 19, 2005.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had a severe impairment of a back disorder.  (Tr. 12, Finding 2).  The ALJ also determined the Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments contained in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC").  (Tr. 12-15, Finding 4).  The ALJ indicated he evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of  *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  (Tr. 14).  The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC.  (Tr. 12-14, Finding 4).  Specifically, the ALJ determined Plaintiff retained the RFC for the full range of sedentary work.  (Tr. 12, Finding 4).  *See* 20 C.F.R. § 416.967.

The ALJ then determined Plaintiff was unable to perform her Past Relevant Work ("PRW") but was able to perform work existing in significant numbers in the national economy.  (Tr. 15-16,

Findings 5,9).  Based on the Medical-Vocational Guidelines, the ALJ found Plaintiff "not disabled" based upon Plaintiff's age, education, and previous work experience.  (Tr. 16, Finding 9).  The ALJ went on to find Plaintiff was not under a disability from her alleged onset date through the date of the decision.  (Tr. 16, Finding 10).

On September 25, 2008, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 6).  *See* 20 C.F.R. § 404.984(b)(2).  On February 29, 2009, the Appeals Council declined to review this determination.  (Tr. 1-4).  On April 2, 2009, Plaintiff appealed the ALJ's decision to this Court.  (Doc. No. 1).  Both parties have filed appeal briefs.  (Doc. Nos. 9, 10).  The parties consented to the jurisdiction of this Court on April 9, 2009.  (Doc. No. 4).

**2. <u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the following: (A) the ALJ erred in his RFC determination; (B) the ALJ erred in his finding Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (C) the ALJ erred in his credibility assessment of Plaintiff.   In response, Defendant argues: (A) substantial evidence supports the   ALJ's RFC determination; (B) the ALJ properly found Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app. 1; and (C) the ALJ properly assessed the Plaintiff's credibility.

Plaintiff argues she does not have the RFC for the full range of sedentary work and there is not substantial evidence to support such a finding by the ALJ.   Plaintiff argues the ALJ erred by failing to include Plaintiff's nonexertional limitations in his RFC determination.   Defendant argues the ALJ's determination that Plaintiff has the RFC for the full range of sedentary work is supported by substantial evidence.

Prior to Step 4 of the sequential analysis, the ALJ is required to determine the claimant's RFC.   *See* 20 C.F.R. § 404.1520(a)(4)(iv).   This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace.   *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).   The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"   *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (*quoting Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).   The Plaintiff has the burden of producing documents to support his or her claimed RFC.   *See Cox*, 160 F.3d at 1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

Once the Plaintiff meets that burden, the ALJ bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports his or her RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). The ALJ also has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

If the ALJ properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the ALJ may rely exclusively upon the Grids and is not required to hear the testimony from a VE. However, the ALJ may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-69 (8th Cir. 2003)

A "nonexertional limitation" is a limitation or restriction which affect a claimant's "ability to meet the demands of jobs other than the strength demands." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include the following: (1) difficulty functioning due to pain; (2) difficulty functioning due to nervousness, anxiety, or depression; (3) difficulty maintaining attention or concentration; (4) difficulty understanding or remembering detailed instructions; (5) difficulty seeing or hearing; (6) difficulty tolerating a physical feature of a certain work setting (such as dust or fumes); or (7) difficulty performing the manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching. *See* 20 C.F.R. § 404.1569a(c)(1)

While the ALJ has the responsibility to determine the RFC, it is still the Plaintiff's burden,

6

and not the Commissioner's burden, to prove functional capacity.  *See Stormo v. Barnhart,* 377 F.3d

801, 806 (8th Cir. 2004).   The ALJ found Plaintiff had the RFC for the full range of sedentary work.

(Tr. 12).  Based on the finding that Plaintiff could perform the full range of sedentary work, the ALJ

did not seek the testimony of a VE to support his RFC determination.

   After reviewing the record, this Court finds  the ALJ's RFC determination is not supported

by substantial evidence because the existence of nonexertional limitations should be included in any

decision regarding the Plaintiff's RFC.   When the ability to perform a full range of work for a

particular exertional level is compromised by the existence of nonexertional limitations, the ALJ is

required to consult a VE regarding the effect of those limitations on the availability of work.  *See*

*Beckley v. Apfel*, 152 F.3d 1056, 1060 (8th Cir. 1998).  In this matter, the ALJ did question a VE,

but did not pose a hypothetical question to the VE.  The ALJ found Plaintiff was not disabled based

on the Medical-Vocational Grids.

   The record shows Plaintiff has a history of an anxiety disorder.  (Tr. 71-78, 171, 231-293).

The ALJ only discussed this condition briefly and found it was not severe based on one medical

record.  (Tr. 12).   In fact, the ALJ did not even discuss this record but only mentioned where the

medical report was contained in the record.  (Tr. 12).  The record in question is from Plaintiff's

November 18, 2005 visit at the Oge Family Medical Clinic.  (Tr. 267).  Although the ALJ did not

discuss how this record supports his findings, this Court assumes the ALJ was relying on the doctor's

statement that Plaintiff's  "anxiety is doing okay on the xanax."  (Tr. 267).

   The record establishes Plaintiff has been diagnosed with an anxiety disorder as early as 2000.

(Tr. 78).  Since that time, Plaintiff has taken the prescription medicine xanax and cymbalta for the

treatment of this disorder.  (Tr. 350, 354).  Furthermore, although the ALJ made reference to a

medical report that indicated Plaintiff's anxiety was under control, treatment records from this clinic in the months prior and subsequent too this visit show Plaintiff had complaints related to anxiety and panic attacks.  (Tr. 246, 255, 257, 274, 292)

This matter should be remanded for the purpose of addressing Plaintiff's nonexertioanl limitations and, if needed, the testimony of a VE regarding the effect of all such limitations on the availability of work for the Plaintiff.[2]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this **19th day of July, 2009.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2]Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.

8